IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE DENNIS DEES, <br> AIS #234915, <br>     Plaintiff, <br> v. <br> WARDEN MYLES, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    CASE NO. 2:20-CV-1072-WKW-SRW <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility in Warrior, Alabama, brings this *pro se* 42 U.S.C. § 1983 action alleging that certain violations to his constitutional rights occurred while he was housed at Elmore Correctional Facility. (Doc. 1). After a review of the complaint, the Court concluded that it was deficient and ordered the Plaintiff to file an amended complaint which would supersede his original complaint. (Doc. 4). In his Amended Complaint, the Plaintiff alleged that the conditions of his confinement at Elmore Correctional Facility violated his constitutional rights and that the medical defendants were deliberately indifferent to his medical needs. (Doc. 8 at pp. 2-7). He also alleged that certain correctional defendants subjected him to excessive force. (Doc. 8 at p. 7).[1] He seeks money damages and injunctive relief. (Doc. 8 at pp. 8-9). This matter

---

[1] The claim for excessive force against Defendants Lt. Mitchell, Officer Boone, Lt. McNeal, Officer Wilson, Officer P. Carter and Officer Murphy was dismissed by this Court pursuant to the Plaintiff's motion for leave to amend the complaint to dismiss the excessive force claim. (Doc. 44, 45).

is now pending before the Court on two motions to amend the complaint filed by the Plaintiff, which again seek to add and dismiss defendants. (Docs. 81 and 83).

### III.  DISCUSSION

The law is well settled that the Plaintiff is the master of his complaint. *U.S. v. Jones,* 125 F. 3d 1418, 1429 (11th Cir. 1997) ("The Plaintiff is the master of the complaint . . . [he] may abandon some claims by appropriate motion".) However, a district court is accorded the ability to manage its own docket to promote judicial efficiency and fairness to all parties. *Dietz v. Bouldin*, 579 U.S. 40, 136 S. Ct. 1885, 1891 (2016). The Plaintiff, who is pro se, has filed numerous motions to amend in this action, which this Court has construed liberally and granted.[2] *Boxer X,* 437 F.3d at 1110.

At this time, two motions to amend are pending before the Court. (Docs. 81 and 83). Pursuant to this Court's order of procedure, the Plaintiff may amend his complaint within 21 days of the Defendants' filing their Special Reports (Doc. 9 at pp. 5-6). A Supplement to the Defendants' Special Report is due to be filed on November 19, 2021. (Doc. 85). Thus, the Court concludes that Plaintiff's Motions to Amend (Docs. 81 and 83) are timely and due to be granted on the basis of the Plaintiff's specific representations made in those motions concerning the claims he intends to prosecute against specific parties. Therefore, the Court concludes that Plaintiff's § 1983 claims against J. Wilson, A. Murphy and Warden Myles are due to be dismissed and that these Defendants are due to be dismissed as parties.

### III. CONCLUSION

---

[2] See Docs. 32, 33, 44, 45, 54, 55, 59, 60, 67, 70.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Plaintiff's Motion for Leave to Amend the Complaint to Dismiss the Excessive Force Claim (Doc. 44), which this Court granted by order (Doc. 45) be GRANTED and that Plaintiff's excessive force claim be DISMISSED.

2. The Plaintiff's Motion to Correct Claims (Doc. 81) and Motion to Add Defendants and Omit Defendants (Doc. 83) be GRANTED to the extent that Plaintiff's § 1983 claims against J. Wilson, A. Murphy and Warden Myles be DISMISSED.

3. Defendants J. Wilson, A. Murphy and Warden Myles be terminated as parties to this action;

4. This case be REFERRED to the undersigned for further proceedings.

It is further

ORDERED that **on or before December 21, 2021**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, on this the 6th day of December, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge