IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE DENNIS DEES, #234915, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:20-cv-1072-ECM |
| ) | [WO] |
| NURSE BAILEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Clarence Dennis Dees ("Plaintiff"), an inmate in the custody of the Alabama Department of Corrections ("ADOC"), brought this action pursuant to 42 U.S.C. § 1983, claiming that a delay in receiving certain medication for his HIV constitutes inadequate medical care in violation of the Eighth Amendment. On February 16, 2024, the Magistrate Judge entered a Recommendation (doc. 135) that Defendant Nurse Bailey's ("Defendant" or "Nurse Bailey") motion for summary judgment (docs. 26, 57, 133) be granted, that judgment be entered in favor of the Defendant, and that the claims against the Defendant be dismissed with prejudice. The Plaintiff filed objections to the Recommendation. (Doc. 138). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, the Defendant's motion for summary judgment is due to be granted, and this case is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections.  To the extent the Plaintiff makes conclusory objections or merely restates the allegations in his complaint, these objections are reviewed for clear error and are due to be overruled.

In the Recommendation, the Magistrate Judge found that the evidence viewed in the light most favorable to the Plaintiff shows that there was an eight-day period during which he did not receive his HIV medication.  The Magistrate Judge also found that, based on the

2

record evidence, only one day out of the eight-day period was attributable to Nurse Bailey as opposed to other ADOC officials. The Magistrate Judge concluded that the Plaintiff failed to create a genuine dispute of material fact as to whether the delay in receiving his HIV medication posed a substantial risk of serious harm to him, or as to whether Nurse Bailey was deliberately indifferent to such risk of harm.

In his objections, the Plaintiff contends that a genuine dispute of material fact exists because he has shown that he has HIV, which is a serious medical condition. But the Recommendation acknowledges that HIV—the Plaintiff's underlying condition—is a serious medical need. (Doc. 137 at 7). He further argues that he has shown that Nurse Bailey was deliberately indifferent to his serious medical need because she did not give him his HIV medication; because she knew that if he missed one dose of his medication, he can become resistant to the medication and eventually become resistant to all HIV medications, which will lead to death; and because she had subjective knowledge, based on her training as a nurse, that the delay in providing his HIV medication would make his viral genetic structure rise. While the Plaintiff's objections reflect a disagreement with the Magistrate Judge's Recommendation, they fail to establish any error in the Magistrate Judge's conclusion that the Plaintiff failed to present evidence sufficient for a reasonable factfinder to conclude that the delay in receiving his medication violated his Eighth Amendment rights. *See Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (explaining that the medical care provided to a prisoner need not be "perfect, the best obtainable, or even very good" in order to comport with the Eighth Amendment

(citation omitted)). Consequently, these objections are due to be overruled.

Finally, the Plaintiff contends that because he is an inmate within ADOC's custody, he cannot obtain expert testimony regarding the appropriate standard of care without a court order. The Court is unaware of any exception afforded to inmates to the requirement for expert testimony to proceed on a medical malpractice claim under Alabama law. Additionally, the Magistrate Judge concluded that the Plaintiff's attempt to amend his complaint to assert a medical malpractice claim would be "procedurally improper and far too late," (doc. 135 at 11), and the Plaintiff has failed to show any error on this point. Consequently, this objection is due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 138) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 135) is ADOPTED;

3. Nurse Bailey's answer and special report and supplemental filings are construed as a motion for summary judgment (docs. 26, 57, 133), and the motion for summary judgment (docs. 26, 57, 133) is GRANTED;

4. This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 22nd day of March, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE